**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD HENDERSON, et al** | ) | **CASE NO.   3:13-cv-02610-DAK** |
| | ) | |
| **Plaintiffs** | ) | **JUDGE DAVID A. KATZ** |
| | ) | |
| **v.** | ) | **AMENDED ANSWER OF DEFENDANTS** |
| | ) | **KALAHARI MANAGEMENT CO., LLC,** |
| **KALAHARI RESORTS, et al** | ) | **KALAHARI RESORTS, RE, INC., AND** |
| | ) | **KALAHARI RESORTS** |
| **Defendants** | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |

Defendants Kalahari Management Co., LLC, Kalahari Resorts RE, Inc., and incorrectly denominated "Kalahari Resorts" (collectively "Defendants"), by and through undersigned counsel, and, pursuant to Fed.R. Civ. P. 15, for their Amended Answer to Plaintiffs' Complaint state:

1.      Defendants deny each and every allegation contained in Paragraph 1 of Plaintiffs' Complaint for lack of information sufficient to form a belief as to the truth of the allegations contained therein.

2.      Defendants deny the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny the allegations of Paragraph 3 of Plaintiffs' Complaint.

4.      Defendant Kalahari Management Co., LLC, admits Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations of Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants deny the allegations of Paragraph 6 of Plaintiffs' Complaint.

7.      Defendants deny the allegations of Paragraph 7 of Plaintiffs' Complaint.

8.      Defendants deny the allegations of Paragraph 8 of Plaintiffs' Complaint.

9.      Defendants deny each and every allegation contained in Paragraph 9 of Plaintiffs' Complaint for lack of information sufficient to form a belief as to the truth of the allegations contained therein.

10.      Defendants deny the allegations of Paragraph 10 of Plaintiffs' Complaint.

11.      Defendants deny the allegations of Paragraph 11 of Plaintiffs' Complaint.

## COUNT I

12.      For their answer to paragraph 12, these answering Defendants incorporate herein by reference their answer to paragraphs 1 through 11 as if fully rewritten herein.

13.      Defendants deny the allegations of Paragraph 13 of Plaintiffs' Complaint.

14.      Defendants deny the allegations of Paragraph 14 of Plaintiffs' Complaint.

## COUNT II

15.      For their answer to paragraph 15, these answering Defendants incorporate herein by reference their answer to paragraphs 1 through 14 as if fully rewritten herein.

16.      Defendants deny the allegations of Paragraph 16 of Plaintiffs' Complaint.

17.      Defendants deny the allegations of Paragraph 17 of Plaintiffs' Complaint.

18.      Defendants deny the allegations of Paragraph 18 of Plaintiffs' Complaint.

## COUNT III

19.      For their answer to paragraph 19, these answering Defendants incorporate herein by reference their answer to paragraphs 1 through 18 as if fully rewritten herein.

21.      Defendants deny the allegations of Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations of Paragraph 22 of Plaintiffs' Complaint.

## COUNT IV

23.     For their answer to paragraph 23, these answering Defendants incorporate herein by reference their answer to paragraphs 1 through 22 as if fully rewritten herein.

24.     Defendants deny the allegations of Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations of Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations of Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the allegations of Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the allegations of Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the allegations of Paragraph 29 of Plaintiffs' Complaint.

## COUNT V

30.     For their answer to paragraph 30, these answering Defendants incorporate herein by reference their answer to paragraphs 1 through 29 as if fully rewritten herein.

31.     Defendants deny for lack of information sufficient to form a belief as to the truth of the allegation that Plaintiff Terry Henderson is the wife of Plaintiff Richard Henderson, as contained in Paragraph 31 of Plaintiffs' Complaint, and Defendants further deny all other remaining allegations contained in Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.     Defendants affirmatively state that the Complaint fails to state a claim upon which relief may be granted.

2.     Defendants affirmatively state that the Complaint fails because the Court lacks

personal jurisdiction over the Defendants.

3.    Defendants affirmatively state that the Complaint fails for insufficiency of service.

4.    Defendants affirmatively state that the Complaint fails for insufficiency of service of process.

5.    Defendants affirmatively state that the Complaint fails for lack of notice upon Defendants.

6.    Defendants affirmatively state that the Plaintiffs failed to join indispensable parties to this action.

7.    Defendants affirmatively state that the Plaintiffs failed to join necessary and proper parties to this action.

8.    Defendants affirmatively state that the Plaintiffs have not named the proper parties to this action.

9.    Defendants affirmatively state that the Plaintiffs improperly named the parties to this action.

10.    Defendants affirmatively state that Plaintiffs suffered no loss, damage or injury as a result of any act or omission on the part of these answering Defendants.

11.    Defendants affirmatively state that the damages of which Plaintiffs complain were the direct result of individuals and/or entities over which Defendants have no control.

12.    Defendants affirmatively state that the damages alleged by the Plaintiffs were the direct and proximate result of superseding causes over which Defendants had no control or right of control.

13.    Defendants affirmatively state that Plaintiffs' damages or injuries, if any, were

4

proximately caused by the intervening acts of others over which Defendants had no control or right of control.

14.    Defendants affirmatively state that the negligence of Plaintiff and/or Plaintiffs was comparatively and primarily greater than the negligence of the Defendants, if any.

15.    Defendants affirmatively state the injuries and/or damages complained of by Plaintiffs were due to the negligence of the Plaintiff and/or Plaintiffs and, accordingly, any such claims are barred in whole or reduced comparatively.

16.    Defendants affirmatively state that they are entitled to a set-off to reflect any contributory negligence of the Plaintiff and/or Plaintiffs.

17.    Defendants affirmatively state that Plaintiffs' damages and/or injuries, if any, were caused by the sole negligence of the Plaintiff and/or Plaintiffs.

18.    Defendants affirmatively state that the Plaintiff assumed the risk with full knowledge of all attendant circumstances and that said assumption of the risk proximately caused his own damage/injuries and the damages and injuries of which Plaintiffs complain.

19.    Defendants affirmatively state that the claims of Plaintiffs as stated herein are barred under the doctrines of express and implied assumption of the risk.

20.    Defendants affirmatively state that they were not an insurer of Plaintiff's safety while he was on the confines of the premises.

21.    Defendants affirmatively state that they had no obligation to render the property in question completely and totally free from any all defects.

22.     Defendants affirmatively state that they neither had causal nor constructive knowledge of any alleged violation or defect on the property which allegedly caused injury to the Plaintiff.

23.     Defendants affirmatively state that the alleged hazard of which Plaintiffs complain was an open and obvious condition, apparent to all persons exercising reasonable care over their own personal safety and welfare.

24.     Defendants affirmatively state that to the extent they are liable to Plaintiffs, which liability is specifically denied, they are entitled to seek apportionment as to other parties or non-parties of liability and that Defendants are liable for only their proportional share of Plaintiffs' damages in accordance with, inter alia, O.R.C. §2307.22, and this defense places Plaintiffs on notice of the Defendants' intent to apportionment pursuant to the foregoing statute provisions.

25.     Defendants affirmatively state that they did not own, maintain, and/or control the property of which Plaintiff complains.

26.     Defendants affirmatively state that Plaintiffs have failed to name the property party having ownership and/or control over the property of which Plaintiffs complain.

27.     Defendants affirmatively state that Plaintiffs have failed to timely commence the subject action and, thus, Plaintiffs' Complaint is barred.

28.     Defendants affirmatively state that Plaintiffs have failed to join parties that may have a lien or subrogation interest.

29.     Defendants affirmatively state that Plaintiffs have failed to mitigate their damages.

30.     Defendants affirmatively state that Plaintiffs have named parties to this action that do not exist.

6

31.     Defendants affirmatively state that Plaintiffs' non-economic damages are capped pursuant to Senate Bill 80.

32.     Defendants affirmatively state that venue is improper.

33.     Defendants affirmatively state that Plaintiffs' Complaint is barred by the applicable statute of limitations.

34.     Defendants affirmatively state that Plaintiffs' Complaint against the proper defendant(s) is barred by the applicable statute of limitations.

35.     Defendants affirmatively state that they reserve the right to add additional affirmative defenses as they become necessary during the course of discovery.

**WHEREFORE,** having fully answered the Complaint of the Plaintiffs, Defendants Kalahari Management Co., LLC, Kalahari Resorts, RE, Inc., and incorrectly named Kalahari Resorts pray the same be dismissed against them, with prejudice, at Plaintiffs' costs.

## <u>JURY DEMAND</u>

A trial by the maximum number of jurors permitted by law is hereby demanded.

Respectfully submitted,

_/s/Beverly A. Adams_____
C. RICHARD McDONALD (0017537)
BEVERLY A. ADAMS (0074958)
**DAVIS & YOUNG**
1200 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2654
Ph:      (216) 348-1700
Fax:     (216) 621-0602
E-mail: rmcdonald@davisyoung.com
          badams@davisyoung.com
*Attorney for Defendants*

7

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 8th day of December 2013.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.


William J. Price
Elk & Elk C., Ltd.
6105 Parkland Blvd.
Mayfield Hts., OH    44124
*Attorney for Plaintiff*


_/s/   Beverly A. Adams_____
C. RICHARD McDONALD (0017537)
BEVERLY A. ADAMS (0074958)
***Attorney for Defendants***

8