IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVSISION

| | |
|---|---|
| **RICHARD HENDERSON** ) <br> 8177 S. CLEVELAND MASSILLON RD. ) <br> HOUSE 55 ) <br> CLINTON OHIO 44216 ) <br> ) <br> AND ) <br> ) <br> **TERRY HENDERSON** ) <br> 8177 S. CLEVELAND MASSILLON RD. ) <br> HOUSE 55 ) <br> CLINTON OHIO 44216 ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> V. ) <br> ) <br> **LMN DEVELOPMENT, LLC** ) <br> STATUTORY AGENT: TODD NELSON ) <br> D.B.A.: KALAHARI RESORTS ) <br> 1305 KALAHARI DRIVE ) <br> PO BOX 590 ) <br> WISCONSIN DELLS, WI 53965 ) <br> ) <br> AND ) <br> ) <br> **LMN DEVELOPMENT, LLC** ) <br> STATUTORY AGENT: INCORP ) <br> SERVICES INC. ) <br> D.B.A.: KALAHARI RESORTS ) <br> 9435 WATERSTONE BLVD STE 140 ) <br> CINCINNATI, OH 45249 ) <br> ) <br> AND ) <br> ) <br> **JOHN DOE EMPLOYEES 1** ) <br> **THROUGH 10, INCLUSIVE WHOSE** ) <br> **NAMES AND ADDRESSES ARE** ) <br> **UNKNOWN TO PLAINTIFFS AT THIS** ) <br> **TIME** ) <br> ) <br> DEFENDANTS. ) <br> ) | CASE NO: 3:13-CV-02610-DAK <br><br> JUDGE: David A. Katz <br><br> **PLAINTIFFS FIRST AMENDED** <br> **COMPLAINT** |

Now comes the Plaintiffs Richard and Terry Henderson and for this claim against the

Defendant Kalahari Resorts, Defendant Kalahari Resorts RE. Inc, Defendant LMN Development,

LLC doing business as Kalahari Management and Kalahari Resorts,(from here in after referred to as LMN Development) and John Doe Employee 1-5 states and alleges the following.

PARTIES

1. Richard and Terry Henderson (herein after referred to as "Plaintiff Henderson.") are individuals residing at 8177 South Cleveland Massillon Road House 55 Clinton Ohio 44216.

2. Defendant LMN Development, LLC (hereinafter "LMN Development") is a Wisconsin Corporation whose principle place of principle place of business is located at 1305 Kalahari Drive Wisconsin Dells WI 53965 and is licenses to do business in Ohio at 7000 Kalahari Drive Sandusky Ohio 44876.

3. Defendant John Doe 1-5 whose correct name could not be discovered prior to the filing of this complaint is a person other than the Defendants above. Defendant John Doe 1-5 are citizens within the State of Ohio.

4. On or about December 03, 2011, Defendant John Doe 1-5 was employed by Defendant LMN Development as a lifeguard, manager, supervisor and he or she were personally and directly responsible for overseeing and supervising seeing the activities of other employees and or agents of Defendant LMN Development. Defendant John Doe 1-5 are sued herein in his/her individual capacity for personally committing, personally participating in the commission of and or during the course of his or her employment whose acts constituted negligence or acts or other omissions approximately causing the injuries, expenses and losses of the Plaintiffs described herein below.

5. On or about December 03, 2011, Defendant John Doe 1-5 was employed by Defendant LMN Development as a lifeguard, manager, supervisor and he or she were personally and directly responsible for overseeing and supervising seeing the activities of other employees and or agents of Defendant LMN Development. Defendant John Doe 1-5

are sued herein in his/her individual capacity for personally committing, personally participating in the commission of and or during the course of his or her employment whose acts constituted negligence or acts or other omissions approximately causing the injuries, expenses and losses of the Plaintiffs described herein below.

## VENUE

6. Proper venue lies in this court under Ohio Rule Civ. p. 3 (B) in that Erie County Ohio is the proper county in which Defendant LMN Development has its principle place of business, in which the Defendant conducted activity giving rise to the claim of relief in which all or part of the claim for relief arose.

## STATEMENT OF FACTS

7. On or about December 03, 2011, Plaintiff Richard Henderson was a BUSINESS invitee at the waterpark known as "LMN Development" located at 7000 Kalahari Drive, Sandusky, Erie County, Ohio.

8. The waterpark and/or the premises are owned, operated, managed, and supervised by Defendants LMN Development.

9. On or about December 03, 2011, Plaintiff Richard Henderson was riding a water ride known as the "Victoria Falls" on Defendant Kalahari's premises, when he suffered serious and permanent injuries, including, but not limited to, spinal cord injury, forehead and scalp lacerations, brain injury, lower and upper extremity numbness, bowel dysfunction, bladder dysfunction, skin breakdown, and other injuries as a result of the Defendants negligence.

## COUNT I

10. Plaintiffs reavers and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

11. Defendant LMN Development independently and or by and through employees, or

agents including but not limited to John Doe Employees 1-5 were negligent as follows.

   a. Defendants failed to maintain the Victoria Falls attraction;

   b. Defendants negligently failed to supervise the safe use of the attraction;

   c. Defendant failed to respond to the Plaintiffs and assist while in distress;

   d. Defendant negligently staffed the attraction;

   e. Defendant failed to provide proper communication tools;

   f. Defendants failed to provide adequate warning and instruction to the Plaintiff, including advising the Plaintiff of known risks with the ride and were otherwise negligent;

   g. Defendants failed to follow their own industry standards and protocols and recommendations;

12. As a direct and proximate result of the Defendants negligence as described above Plaintiff Richard Henderson was caused to severe and permanent injuries, pain and suffering, mental anguish, loss of ability to perform usual activities, scaring, incurred medical expense, lost income and other economic damages and non-economic damages from the past into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in an amount that exceeds Twenty-Five Thousand ($25,000.00) together with interest, attorney fees, the costs of this action, and any other relief to which they are entitled.

## COUNT II

13. Plaintiffs reaver and reallege each and every allegation in the preceding paragraphs as if fully rewritten herein.

14. Defendant LMN Development's agents, employees, and, John Does 1-5 are believed to be lifeguards, supervisors and or managers who were employed on the date in question for Defendant LMN Developments.

15. Defendants were negligent as follows:

   a. Defendants failed to enforce all safety rules;

   b. Defendants failed to anticipate, or recognize a potential hazard or danger;

   c. Defendants failed to maintain on the duty area responsible for invitees;

   d. Defendants failed to identify an emergency properly;

   e. Defendants failed a rescue and emergency action when Plaintiff Henderson was imperil;

   f. Defendants failed to give immediate first aid to Plaintiff Henderson following the injury thus escalating said injuries;

   g. Defendants failed to communicate to patrons the dangers and hazards of proper entrance, and exit of tubes and proper writing;

   h. Defendants failed to maintain proper position for rescue and emergency action;

   i. Defendants failed to have proper rescue equipment;

   j. Defendants failed to warn of hazardous conditions;

   k. Defendants failed to rescue Plaintiff and exacerbated the Plaintiff's injuries

   l. Defendants were otherwise negligent;

16. As a direct and proximate result of the Defendants negligence as described above Plaintiff Richard Henderson was caused to severe and permanent injuries, pain and suffering, mental anguish, loss of ability to perform usual activities, scaring, incurred medical expense, lost income and other economic damages and non-economic damages from the past into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in an amount that exceeds Twenty-Five Thousand ($25,000.00) together with interest, attorney fees, the costs of this action, and any other relief to which they are entitled.

### COUNT III

17. Plaintiffs reaver and reallege each and every allegation in the preceding paragraphs as if fully rewritten herein.

18. Defendant LMN Developement is legally responsible for the negligent acts and/or omissions of Defendant Joe Doe Employees 1 through 5 under the legal doctrine of *respondeat superior*.

19. As a direct and proximate result of the Defendants negligence as described above Plaintiff Richard Henderson was caused to severe and permanent injuries, pain and suffering, mental anguish, loss of ability to perform usual activities, scaring, incurred medical expense, lost income and other economic damages and non-economic damages from the past into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount that exceeds Twenty-Five Thousand ($25,000.00) together with interest, attorney fees, the costs of this action, and any other relief to which they are entitled.

### COUNT IV

20. Plaintiffs reaver and reallege each and every allegation in the preceding paragraphs as if fully rewritten herein.

21. Kalahari Resorts located at 7000 Kalahari Drive Sandusky Ohio 44870 is under the control and or operation of LMN Development and John Doe 1-5.

22. Prior to the Plaintiff Richard Henderson's incident, Defendant LMN Development had been cited by the State of Ohio and more specifically the Department of Agriculture over 600 times since the date of its creation.

23. Prior to Plaintiff Richard Henderson's incident Defendant LMN Development was aware of the deficiencies, problems and failures of this Kalahari Resort.

24. Defendant LMN Development had a duty to address the deficiencies, problems and

failures of LMN Development.

25. Defendant LMN Development Inc, were negligent as follows:

   a. Defendant failed to have proper quality assurance methods in place to ensure Kalahari were properly trained;

   b. Defendant failed to properly monitor and supervise the facility to ensure dangers within facility were suitably eliminated;

   c. Defendant failed to heir in the hiring, supervising and training of employees who worked at the facilities;

   d. Defendant were otherwise negligent;

26. As a direct and proximate result of the Defendants negligence as described above Plaintiff Richard Henderson was caused to severe and permanent injuries, pain and suffering, mental anguish, loss of ability to perform usual activities, scaring, incurred medical expense, lost income and other economic damages and non-economic damages from the past into the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount that exceeds Twenty-Five Thousand ($25,000.00) together with interest, attorney fees, the costs of this action, and any other relief to which they are entitled.

## COUNT V

27. Plaintiffs reaver and reallege each and every allegation in the preceding paragraphs as if fully rewritten herein.

28. Plaintiff Terry Henderson states that she is the wife of Plaintiff Richard Henderson and as a direct and proximate result of Defendants' negligence and the resulting injuries to Plaintiff Richard Henderson, she suffered a loss of her husband's care,

  comfort, services, and consortium in the past and will continue to suffer said losses in the future.

29. Plaintiff Terry Henderson further states that she is responsible for her wife's medical and hospital bills.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount that exceeds Twenty-Five Thousand ($25,000.00) together with interest, attorney fees, the costs of this action, and any other relief to which they are entitled.

                 Respectfully Submitted,

                 /s/William Price
                 **WILLIAM J. PRICE (#0071307)**
                 Elk & Elk Co., Ltd.
                 6105 Parkland Boulevard
                 Mayfield Heights, Ohio 44124
                 Phone: (440) 442-6677
                 Fax: (440) 442-7944
                 Email: delk@elkandelk.com
                 *Attorney for Plaintiffs*